## UNUSUAL COURSE OF A REPLEVIN SUIT.

Circuit Court of Cuyahoga County.

### A. J. COLE v. T. DAVE BROWN ET AL.*

Decided, November 4, 1908.

*Judgments—No Property Rights Can be Acquired Under a Judgment Afterwards Reversed.*

No property rights as between the parties thereto can be acquired under a judgment which is subsequently reversed, even though the proceedings relied upon are had under a mandate from the Supreme Court affirming the judgment.

*W. C. Ong* and *D. M. Bader,* for plaintiff in error.
*J. J. McCormick,* contra.

HENRY, J.; MARVIN, J., concurs.

---

*Affirmed without opinion, *Cole* v. *Brown et al*, 83 Ohio State, 507.

The parties to this proceeding in error stand related as they stood in the action below.   That was an action in replevin commenced August 29, 1905.   The goods in controversy were the same as those involved in a previous case in equity commenced by the same plaintiff, A. J. Cole, in the same court, June 30, 1904, against J. B. Eberling and William Amos, defendants. On appeal to this court that suit was decided in favor of Cole and it was decreed that the defendant, Eberling, in performance of his contract so to do, deliver to the plaintiff the goods in question, on or before July 18, 1905.   Thereupon the present action was commenced and the goods replevied and sold.   On October 9, 1906, the judgment of this court in the former action was affirmed by the Supreme Court of Ohio, as shown by mandate filed in the common pleas court October 17, 1906.   On October 30, 1906, the Supreme Court vacated its first judgment of affirmance and rendered instead a judgment of reversal as shown by mandate filed in this court November 9, 1906.

Thereafter the replevin case came on for trial in the court of common pleas, and the entire record of the preceding action was offered in evidence; whereupon the court directed a verdict and rendered judgment for the defendant.

The reversal of this judgment is now sought, upon the ground that the Supreme Court was without jurisdiction to vacate its own judgment of affirmation after issuing a mandate thereon to the court below.

But, as announced by the presiding judge upon the hearing, we can not assume to ascribe a want of jurisdiction to the Supreme Court in a matter wherein it has in fact taken jurisdiction.   That fact implies an adjudication of its right to do so, and the Supreme Court is the final arbiter of its own jurisdiction.   We intimate no doubt whatever in the premises.

The suggestion was, however, made from the bench upon the hearing, that possibly the plaintiff's right under the then subsisting judgment of this court to the immediate possession of the goods taken by writ of replevin and sold could not be retrospectively altered by a subsequent judgment of reversal restoring to the defendant the right to such possession.   But upon re-

flection we are clear that a judgment which is reversed is a nullity so far as any party to it is concerned. It becomes as if it never were. It is of no force evidential or otherwise. When offered in evidence in the court below, it was wholly ineffectual to show that title was or ever had been in the plaintiff. As to third parties, *bona fide* purchasers, the rule may be relaxed; but as to plaintiff in error her, in whose favor the judgment relied on was rendered, it is absolutely worthless.

The judgment below is affirmed.